UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PHYLLIS A. HENSLEY )
)
v. ) NO. 2:04-CV-97
)
COOPER STANDARD AUTOMOTIVE )

# **O R D E R**

This Family Medical Leave/retaliatory discharge complaint is before the Court to address the defendant's second motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief can be granted. Following the defendant's first motion to dismiss, the plaintiff was ordered to amend her complaint, and she filed an amended complaint on January 3, 2005.

The criteria for addressing a motion to dismiss filed under Rule 12(b)(6) is summarized by the Sixth Circuit in *Miller v. Currie*, 50 F.3d 373, 377(6th Cir.1995):

> On a *Fed.R.Civ.P.* 12(b)(6) motion, all of the allegations contained in the plaintiff's complaint are accepted as true,

and the complaint is construed liberally in favor of the party opposing the motion. *Mertik*, 983 F.2d at 1356; *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). In *Scheuer v. Rhodes*, the Supreme Court explained:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence ... its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. *Scheuer*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). It is not the function of the court to weigh evidence or evaluate the credibility of witnesses, *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir.1994); instead, the court should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cameron*, 38 F.3d at 270 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

Because the defendant is asking this Court to review the sufficiency of the amended complaint, before the reception of any evidence, this Court's task is necessarily a limited one. In particular, the defendant contends that this amended complaint fails to state a claim because the plaintiff has failed to allege facts which would show that the exercise of her protected rights under the Tennessee worker's compensation laws was causally related to her subsequent discharge. The plaintiff may meet this causation requirement by presenting direct evidence of a causal link, such as where the employer was acting pursuant to an established policy or where

2

the employer admitted the reason for the termination, or by presenting compelling circumstantial evidence. *Thomason v. Better-Bilt Aluminum Prods., Inc.,* 831 S.W.2d 291, 293 (Tenn.App.1992). In her amended complaint, the plaintiff has specifically alleged that the defendant has a pattern and practice of terminating employees that have been injured on the job, and that the defendant's stated reason for terminating her, that is, that she was sleeping on the job, was a pretext for the real reason that she was terminated, which was her exercise of her right to receive worker's compensation benefits.

Construing the facts in the amended complaint liberally in favor of the plaintiff, the Court FINDS that it is not clear that the plaintiff can prove no set of facts in support of her claims that would entitle the plaintiff to relief. Accordingly, it is hereby **ORDERED** that the defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is **DENIED**. [Doc. 22].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE